IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANTALINE CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) 2:02cv269 |
| PPG INDUSTRIES, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for consideration and disposition are two post-arbitration motions: the APPLICATION OF PLAINTIFF TO CONFIRM ARBITRATOR'S AWARD PERTAINING TO MERITS, APPLICATION TO MODIFY ARBITRATION AWARD PERTAINING TO COSTS AND ATTORNEY FEES ASSOCIATED WITH THE ARBITRATION, AND ALTERNATE APPLICATION TO REMAND AWARD TO THE ARBITRATOR PERTAINING TO COSTS AND ATTORNEY FEES ASSOCIATED WITH THE ARBITRATION ("Application") (*Document No. 116*), and PPG INDUSTRIES, INC.'S MOTION TO VACATE ARBITRATION AWARD ("Motion") (*Document No. 117*), with brief in support (*Document No. 118*). The Court heard oral arguments on the motions on January 27, 2006; the parties were represented by counsel who effectively and skillfully argued the issues. Additionally, the issues have been fully briefed, and the matter is ripe for disposition. *See* Document Nos. 121, 128 & 131. For the reasons which follow, the Application will be granted in part and denied in part, and the Motion will be denied.

Background

The basic facts and procedural history of this case[1] are as follows. Plaintiff Mantaline

---

[1] The procedural history and legal background of this case are set forth in at least three district and circuit court opinions. *See Mantaline Corp. v. PPG Industries, Inc.*, 225 F.3d 659, 2000 WL 799337 (6th Cir. 2000) (table opinion); Document No. 106 (Honorable Robert J. Cindrich's opinion granting motion to compel arbitration); Document No. 114 (the Third Circuit's opinion affirming Judge Cindrich).

Corporation ("Mantaline") sold window gaskets to defendant PPG Industries, Inc. ("PPG"), which PPG used in the installation of a "curtainwall" window system at an office building constructed in Denver, Colorado, in the 1980s. Glass panels used in the curtainwall window system, which the parties refer to as "spandrels,"[2] were coated with a thin metal film and an additional layer of polyethylene film called an "opacifier," which is somewhat analogous to automotive or household window tint. *See* PPG's Appx., Tab J (PPG's testing report). The installation of the spandrels required the use of "sponge gaskets" and "wedge gaskets," both of which were provided by Mantaline. *See* PPG appx., tab A. Several years after the building was completed, various cosmetic problems with the spandrels were discovered. *See* PPG appx., tab G (photos of the problems). Specifically, the spandrels exhibited cracks in the opacifier,[3] discoloration of the spandrel's reflective coating, and debonding or bubbling of the opacifier. PPG's appx., tab K, p. 16 (report of Robson Forensic). In 1992 the owner of the office building sued PPG in federal court in Denver, alleging that PPG's spandrels and/or the window gaskets were defective. The lawsuit between the building owner and PPG settled. In 1995 PPG demanded that its indemnification claim against Mantaline be arbitrated pursuant to the terms of its Purchase Order. Mantaline and PPG then spent years in a "battle of the forms" over which party's terms governed the agreement. PPG eventually won the battle before the United States Court of Appeals for the Sixth Circuit. *Mantaline Corp. v. PPG Industries, Inc*., 225 F.3d 659, 2000 WL 799337, *4 (6th Cir. 2000) (table opinion) (finding that the parties' contract "included the terms of PPG's purchase order providing for indemnification and arbitration of disputes."). The case was subsequently transferred to the Western District of Pennsylvania pursuant to the terms of the Purchase Order. PPG's motion to compel arbitration was granted by Judge Cindrich; that decision was affirmed by our court of appeals. Document Nos. 106 & 114. In

---

[2] Mantaline's expert report defines a spandrel as "the panel of a wall located between vision areas of windows, which conceals structural columns, floors and shear walls." PPG's appx., tab K at 5.

[3] It is undisputed that the cracking is not attributable to the gaskets. Award at 2.

April of 2004 PPG filed a demand for arbitration with the American Arbitration Association, and the matter was tried before an arbitrator in Pittsburgh in March of 2005.  *See* Mem. in Supp. of Application at 2.

Two paragraphs of PPG's Purchase Order are at the heart of the issues in dispute. Paragraph 11 of the Purchase Order provides that Mantaline must indemnify PPG "from and against any and all damages, claims, demands, expenses (including reasonable attorneys' fees), losses or liabilities of any nature whatsoever ... and any and all suits, causes of action and proceedings thereon arising or allegedly arising from or attributable to (i) the materials, services or work herein ordered, furnished or from the use thereof; ... or (iii) from any breach or default by [Mantaline] hereunder, excepting when caused by the proximate negligence of [PPG]." Paragraph 13 of the Purchase Order, which requires arbitration of any dispute arising from the Purchase Order, also provides that "[t]he party against which the award is rendered shall assume and pay all costs associated with such arbitration, including but not limited to reasonable attorney's fees incurred by the other party."

On May 16, 2005, the Award of Arbitrator was issued.  PPG's appx., tab L.  After a succinct discussion of the background of the case and the evidence presented, the Arbitrator made the following finding:

> It is clear to the arbitrator that there were various physical conditions and chemical reaction (*sic*) that had an impact on the opacifier that resulted in the described failures.  There was considerable speculation, particularly by the experts that appeared for the Respondent, as to what those conditions were and what role they played in the failures.  However, the arbitrator, due to the lack of field measurements and/or additional first hand testimony does not feel that he can say with any reasonable degree of certainty what actually caused the failures.  Therefore, the arbitrator cannot say that it is more likely than not that the sulfur found in the wedge gaskets or any other physical characteristic of the wedge gasket was the cause of the complained of failure of the spandrels.  As a result of this finding the arbitrator must deny [PPG's] claim for indemnification.

Award at 5.

In accordance with paragraph 13 of the Purchase Order, the Arbitrator awarded Mantaline $15,000 in attorney's fees.  This amount appears to be an estimate because the Arbitrator found

that "[t]here was no evidence presented [by Mantaline] as to what constitutes reasonable attorneys' fee (*sic*)." Award at 5. The Arbitrator's ruling on attorney's fees apparently took Mantaline by surprise; in their post-arbitration brief Mantaline explicitly requested that it be permitted to submit an application for attorney's fees and expenses in the event that the Arbitrator ruled in its favor. Application, exh. 4. at 15. Additionally, because the Purchase Order required that costs be paid by the losing party, the Arbitrator ordered that PPG pay the administrative fees of the American Arbitration Association ($8,500), as well as the Arbitrator's compensation ($12,650). Award at 5. The Arbitrator also ordered that PPG pay Mantaline the sum of $2,650, which sum Mantaline had already advanced to the American Arbitration Association. Finally, the Arbitrator stated that his Award was "in full settlement of all claims and counterclaims submitted to this Arbitration," and that "[a]ll claims not expressly granted herein are hereby, denied." Award at 5.

## Standard of Review

At the outset it is helpful to distinguish between *vacating* the award, on the one hand (which PPG requests), and *modifying or correcting* it, on the other (which Mantaline requests). The standards for each requested action are not identical, but, as a general matter, a Court has little discretion to disturb an arbitration award. The Honorable Joy Flowers Conti recently summarized the basic principles:

> When parties move to confirm or vacate an arbitration award, the court's function in confirming or vacating a commercial arbitration award is severely limited. If the parties have clearly agreed to arbitrate, the courts will set aside arbitral verdicts only in very unusual circumstances, and there is a strong presumption in favor of the arbitration award.

*Daugherty v. Washington Square Securities, Inc.*, 271 F. Supp. 2d 681, 685-86 (W.D. Pa. 2003) (citations omitted).

Under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, a court may **vacate** a arbitration award under limited circumstances:

    (a)    Where the award was procured by corruption, fraud, or undue means.
    (b)    Where there was evident partiality or corruption in the arbitrators, or either of them.
    (c)    Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
    (d)    Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. The Third Circuit has also recognized additional, non-statutory bases upon which a reviewing court may vacate an arbitrator's award under the FAA. *See generally Tanoma Mining Co. v. Local Union No. 1269*, 896 F.2d 745, 749 (3d Cir.1990) (recognizing that an award may be set aside if it displays "manifest disregard for the law"); *Swift Indus., Inc. v. Botany Indus., Inc.*, 466 F.2d 1125, 1134 (3d Cir.1972) (noting that an arbitrator's award must meet the test of fundamental rationality). Finally, if a District Court decides to vacate an arbitration award, under certain circumstances the Court can remand the matter to arbitration. *See* 9 U.S.C. § 10(e) ("Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.").

    Additionaly, the district court may **modify or correct** an award:

    (a)    Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
    (b)    Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
    (c)    Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

    Like the Court's limited authority to disturb the award, a Court's authority to remand the matter to arbitration is fairly limited. Our court of appeals provides the following synopsis:

    As a general rule, once an arbitration panel renders a decision regarding the issues submitted, it becomes *functus officio* [which means "a task performed"] and lacks any power to reexamine that decision. Despite certain distinctions between common law and statutory arbitrations, the *functus officio* doctrine has been

routinely applied in federal cases brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (1988). The policy underlying this general rule is an "unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which he has already rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion." Further, notwithstanding the fact that an increased utilization of arbitration in recent years has to some extent created the office of the specialized professional arbitrator, "[t]he continuity of judicial office and the tradition which surrounds judicial conduct is lacking in the isolated activity of an arbitrator."

As we noted in *La Vale* and as recognized by the district court, the common law *functus officio* doctrine contains its own limitations. We described these as follows in *La Vale*:

> (1) an arbitrator "can correct a mistake which is apparent on the face of his award;"
> (2) "where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination;" and
> (3) "[w]here the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify."

*Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 331-32 (3d Cir. 1991) (citations omitted). However, these concerns "are not applicable with the same force to action by the district court," mainly because "the court must necessarily exercise some review of the arbitral award when a motion to confirm is before it." *Id*. at 333. Moreover, "[b]ecause an arbitration award must be upheld even when there have been errors in the determination of factual issues, a remand that allows the arbitrators to reexamine their decision on the merits is not permissible." *Id*. at 334 (citation and quotations omitted).[4]

---

[4] Procedurally, this case is before the Court pursuant to 9 U.S.C. § 9, which provides, in relevant part, as follows:
> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. The Purchase Order expressly provides that a judgment may be entered on the Arbitrator's award "in any Court having jurisdiction thereof," and that "arbitration shall take place in Pittsburgh, Pennsylvania." PPG's appx., tab A.

Discussion

A.   Plaintiff Mantaline Corporation's Applications

Mantaline requests that the Court confirm the Arbitrator's Award as it pertains to the merits of the case, and *modify* the Award as it pertains to the costs and attorney's fees associated with the arbitration. Alternatively, Mantaline requests that the Court confirm the arbitration award on the merits, but *remand* the case to the Arbitrator to revisit the issue of Mantaline's attorney's fees. In short, Mantaline is satisfied with the Arbitrator's decision on the merits, but wants either the Court or the Arbitrator to revisit the issue of attorney's fees (and award more). As mentioned earlier, the Arbitrator found in favor of Mantaline on the merits of the indemnification claim and afforded PPG no monetary relief whatsoever. The Arbitrator also awarded Mantaline $15,000 in attorney's fees, ordered that his own fees of $12,650 be borne by PPG, ordered that PPG pay the American Arbitration Association's administrative fee of $8,500, and ordered that PPG pay Mantaline the sum of $2,650, which sum Mantaline had already advanced to the American Arbitration Association. The Court will briefly discuss the merits of the Award, followed by a discussion of Mantaline's request to revisit the issue of attorney's fees.

   1.   The Merits of the Award

Mantaline contends that the Arbitrator did not err in his decision on the merits, and therefore the Court should confirm the Award by entering a judgment thereon pursuant to the terms of the Purchase Order and 9 U.S.C. § 9. PPG, on the other hand, contends that the Award must be vacated. As explained below in the Court's discussion of PPG's Motion, the Court finds itself constrained to confirm the Award on the merits.

   2.   Remand for Determination of Attorney's Fees

As mentioned above, the Purchase Order provides that "[t]he party against which the award is rendered shall assume and pay all costs associated with such arbitration, including but

not limited to reasonable attorney's fees incurred by the other party." With respect to costs, the Arbitrator ordered that PPG pay the administrative fees of the American Arbitration Association ($8,500), as well as the Arbitrator's compensation ($12,650). With respect to attorney's fees, the Arbitrator found that "[t]here was no evidence presented [by Mantaline] as to what constitutes reasonable attorneys' fee (*sic*)," but nevertheless found "that reasonable attorneys' fees for this arbitration are $15,000.00." Award at 5. According to Mantaline, "[t]his award is erroneous because Mantaline had not presented this issue to the arbitrator for a ruling, making it clearly erroneous and justifying modification and correction of that portion of the award." Mantaline Brief at 3.

The Court must determine if it can modify or correct the Award as it pertains to attorney's fees. Mantaline contends that this is a situation "[w]here the arbitrators have awarded upon a matter not submitted to them," and that "the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. §§ 11(b),(c); *see* Mantaline's Brief at 7-8. The Court does not agree. The "matter" or issue of attorney's fees was clearly "submitted" to the arbitrator in the sense that it was timely raised by Mantaline[5] and was at issue in the arbitration proceeding. Indeed, the Arbitrator discussed the issue of attorney's fees in his Award, and ultimately awarded Mantaline $15,000 in attorney's fees. Moreover, even assuming that the issue of attorney's fees was not "submitted" to the arbitrator, the Court still may not grant relief under section 11(b) because the issue of attorney's fees "is a matter not affecting the merits of the decision upon the matter submitted." 9 U.S.C. § 11(b). In the view of the Court the "merits of the decision" was the issue of whether Mantaline would have to indemnify PPG for the problems with the spandrels. The Court finds and rules that issue of attorney's fees is separable from the merits of the decision, and therefore the Court cannot modify or correct this aspect of the Award under section 11(b) even if the "matter" was not submitted to the Arbitrator.

As mentioned above, Mantaline also contends that "the award is imperfect in matter of

---

[5] *See* Mantaline's Brief, exh. 3 at 5 (the "Wherefore" clause).

form not affecting the merits of the controversy." 9 U.S.C. §§ 11(b),(c); *see* Mantaline's Brief at 8. The Court finds that the Award is not "imperfect in matter of form" with respect to the adjudication of attorney's fees. The *issue* of attorney's fees was presented to the arbitrator, and he made a clear determination of the parties' rights to attorney's fees under paragraph 13 of the Purchase Order. However, despite the fact that this situation does not fit neatly into any of the provisions of 9 U.S.C. § 11, the Court finds that the award of $15,000 must be vacated[6] because there is "absolutely no support at all in the record justifying the arbitrator's determinations ..." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995).

As mentioned above, "[w]here an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators." 9 U.S.C. § 10(e). An arbitrator "can correct a mistake which is apparent on the face of his award." *Colonial Penn Ins. Co.*, 943 F.2d at 332. The parties have not invoked any time limit which, in connection with 9 U.S.C. § 10(e), would preclude a remand to the Arbitrator. The award of $15,000 in attorney's fees, based only upon an estimate (at best), is a mistake which is apparent on the face of the Award. Therefore, the Court will exercise its discretion to remand the case to the Arbitrator for a determination of Mantaline's reasonable attorney's fees pursuant to paragraph 13 of the Purchase Order.

B.   PPG Industries, Inc.'s Motion to Vacate[7]

In addition to opposing the relief sought by Mantaline, PPG contends that "the Award should be vacated and the proceeding remanded to the Arbitrator to determine PPG's entitlement

---

[6] Mantaline does not explicitly ask that the $15,000 award be *vacated*, but the Court will construe their Application as a request for such relief.

[7] Mantaline contends that PPG's Motion is untimely. The Court does not agree. The Court finds that the Motion was filed within the three-month limitations period established by 9 U.S.C. § 12, and that the general choice of law clause in the Purchase Order is insufficient, as a matter of law, to invoke the 30-day limitations period which would apply under Pennsylvania law. *See Roadway Package System, Inc. v. Kayser*, 257 F.3d 287 (3d Cit. 2001).

9

to attorney's fees and for the entry of a new award in favor of PPG." Motion at 2. As for its claim to attorney's fees, PPG contends that "the Arbitrator failed to resolve one of the issues presented for his review, *i.e.*, PPG's entitlement to attorney's fees due to Mantaline Corporation's breach of the Purchase Order's arbitration provision." Motion at 1-2. As for the "merits" of the arbitration award, PPG contends that "[t]he Award does not draw its essence from the parties' Purchase Order in that the Arbitrator denied PPG's indemnity claim pursuant to a standard at variance with the language of the Purchase Order." Motion at 1. PPG also contends that the "merits" of the arbitration award "is wholly unsupported by the evidentiary record developed by the parties at the arbitration hearing and is otherwise irrational." Motion at 1.

        1.      <u>The Merits of the Award</u>

PPG contends that "the Arbitrator's Award against PPG is not derived from the language of the parties' agreement, finds no support in the record, and is wholly irrational." PPG Brief at 7. PPG elaborates on its argument as follows:

> [T]he Purchase Order requires that Mantaline indemnify PPG "from and against any and all damages, claims, demands, expenses (including reasonable attorneys' fees), losses or liabilities of any nature whatsoever ... and any and all suits, causes of action and proceedings thereon ***arising or allegedly arising from or attributable to***" Mantaline's gaskets. The Arbitrator denied PPG's claim solely because he purportedly could not say "that it is more likely than not that the sulfur found in the wedge gaskets ... ***was the cause*** of the complained failure ..." Award at 4. Pursuant to the Purchase Order, however, PPG did not need to prove that Mantaline's gaskets were the actual cause of the failures in order to recover on its indemnity claim; rather Mantaline is required to indemnify PPG if the liability PPG incurred ***arose from, allegedly arose from or was attributable to*** Mantaline's gaskets.

PPG Brief at 7 (emphasis in original). PPG contends, correctly, that the Arbitrator introduced a requirement of causation into his decision when no such requirement is found in the Purchase Order. PPG argues that the Award cannot stand under the "essence" test, which it adopts from cases involving judicial review of arbitration decisions in the context of labor disputes/collective bargaining agreements. *See, e.g., Brentwood Medical Associates v. United Mine Workers of America*, 396 F.3d 237, 241-42 (3d Cir. 2005) ("It is thus not the role of a court to correct factual

10

or legal errors made by an arbitrator. A district court may determine only whether or not an arbitrator's award "draws its essence" from the parties' *collective bargaining agreement* ...") (emphasis added).

Application of the "essence" test requires that the Court affirm the Award on the merits. In *Brentwood Medical Associates*, *supra*, the Third Circuit affirmed an arbitrator's award in favor of an employee even though the arbitrator "inexplicably cite[d] language in his decision that cannot be found in the relevant collective bargaining agreement." *Id*. at 239. The Court concluded that "such a mistake, while glaring, does not fatally taint the balance of the arbitrator's decision ..." *Id*. The *Brentwood* case is analogous to what occurred here: the Arbitrator deviated somewhat from the language of the applicable agreement, but did not display "manifest disregard for the law" in his decision making process. *Tanoma Mining Co. v. Local Union No. 1269*, 896 F.2d 745, 749 (3d Cir. 1990). The error of which PPG complains is essentially an error of law, *i.e*., the misinterpretation and/or incorrect application of an indemnity provision. However "[c]ourts ... do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *Id*. (*quoting United Paperworkers Int'l. Union v. Misco, Inc*., 484 U.S. 29, 38 (1987).

PPG also contends that the Arbitrator's decision on the merits finds no support in the record. A Court may vacate an arbitration award if there is "absolutely no support at all in the record justifying the arbitrator's determinations ..." *United Transp. Union Local 1589*, 51 F.3d at 379. As mentioned above, the Arbitrator felt that "due to the lack of field measurements and/or additional first hand testimony," he could not "say with any reasonable degree of certainty what actually caused the failures." Award at 4. Thus, the Arbitrator could not "say that it is more likely than not that the sulfur found in the wedge gaskets or any other physical characteristic of the wedge gasket was the cause of the complained of failure of the spandrels." *Id*.

The Court does not find this determination to be completely unsupported by the record. The Arbitrator heard all the evidence and found it to be insufficient to establish Mantaline's

liability to PPG.[8]  The Court is not empowered to re-weigh the evidence, however one-sided it allegedly may be. *See News America Publications, Inc. Daily Racing Form Div. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990) ("An arbitral award may not be overturned for factual error, or because the court disagrees with the arbitrator's assessment of the credibility of witnesses, or the weight the arbitrator has given to testimony.") (citations omitted).

Finally, PPG contends that the Arbitrator's decision on the merits is "wholly irrational." PPG's Brief at 7; *see also Swift Indus., Inc. v. Botany Indus., Inc.*, 466 F.2d 1125, 1134 (3d Cir.1972) (noting that an arbitrator's award must meet the test of fundamental rationality).  The Court does not agree.  The Court finds that the Arbitrator articulated a reasonable rationale for his decision in the Award.  Although that rationale does not precisely follow the indemnification language found in the Purchase Order, the Court is unable to conclude that it is wholly irrational.  Therefore, the Court finds and rules that it may not vacate the merits of the Award.

      2.      <u>Whether the Court Can Revisit PPG's Attorney's Fees</u>

Paragraph 11 of the Purchase Order provides for indemnity for all losses, including attorney's fees, which arise "from any breach or default by [Mantaline] hereunder ..."  PPG contends that Mantaline breached its obligation to arbitrate this dispute "by engaging in a decade of scorched-earth litigation designed to preclude the arbitration of PPG's claim," and therefore "PPG was entitled to the attorney's fees it incurred in defending Mantaline's subversive litigation to preclude PPG's arbitration."  PPG's Brief at 5.  PPG contends that the Court can disturb this aspect of the Award because "the Arbitrator made no ruling on PPG's demand for these fees whatsoever."  *Id*.

The Court finds that this issue has been adjudicated by the Arbitrator.  In his Award the

---

[8] There is also some evidence which contradicts PPG's evidence that the gaskets caused the problems.  For example, Mantaline's expert report attributes the problems with the opacifier to the intrusion of water, and the inability of the opacifier material to handle the high temperatures to which it was exposed.  PPG's appx., tab K at 30.

Arbitrator expressly stated that PPG "shall bear its own counsel fees and expenses ..." Award at p. 5. The Award also states that "[t]his Award is in full settlement of *all claims and counterclaims* submitted to this Arbitration," and that "[a]ll claims not expressly granted herein are hereby, denied." *Id*. (emphasis added). The Arbitrator's written decision reflects that he was aware that each side sought counsel fees; he simply declined to award PPG any attorney's fees despite its request, and despite the fact that PPG introduced evidence of the attorney's fees incurred during the pre-arbitration "battle of the forms." Under these circumstances the Court has no authority to revisit this issue under 9 U.S.C. §9 or 9 U.S.C. § 10.[9]

       3.      <u>Whether the Court Can Vacate Mantaline's Award of Attorney's Fees</u>

According to PPG, the award to Mantaline of $15,000 in attorney's fees must be vacated because it "finds absolutely no support in the record." PPG's Brief at 9. As stated above, the Court agrees. However, the Court will not simply vacate the award of $15,000 and otherwise affirm the Award "as is," but will remand the case to the Arbitrator for a determination of Mantaline's reasonable attorney's fees pursuant to paragraph 13 of PPG's Purchase Order.

Conclusion

For the reasons hereinabove stated, the Application filed by Mantaline will be granted in part and denied in part, and the Motion filed by PPG will be denied. The Court will vacate the award of $15,000 in attorney's fees in favor of Mantaline and remand this case to the Arbitrator for a determination of Mantaline's reasonable attorney's fees. In all other respects the Award of

---

[9] The Court also finds that as to PPG's attorney's fees the Arbitrator did not manifestly disregard the law, and that his determination of PPG's right to attorney's fees meet the test of fundamental rationality.

Arbitrator will be affirmed 9 U.S.C. § 9.[10]  An appropriate Order follows.

McVerry, J.

---

[10] The Court will enter a final judgment pursuant to 9 U.S.C. § 9 after the Arbitrator has determined Mantaline's entitlement to attorney's fees.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MANTALINE CORPORATION,** | ) |
| **Plaintiff,** | ) |
| v. | ) 2:02cv269 |
| **PPG INDUSTRIES, INC.,** | ) |
| **Defendant.** | ) |

### ORDER OF COURT

AND NOW, this 7th day of February, 2006, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The Application of Plaintiff to Confirm Arbitrator's Award Pertaining to Merits, Application to Modify Arbitration Award Pertaining to Costs and Attorney Fees Associated with the Arbitration, and Alternate Application to Remand Award to the Arbitrator Pertaining to Costs and Attorney Fees Associated with the Arbitration (*Document No. 116*) is **GRANTED IN PART** and **DENIED IN PART**;

2. PPG Industries, Inc.'s Motion to Vacate Arbitration Award (*Document No. 117*) is **DENIED**;

3. The Court hereby **VACATES** the Arbitration Award to the extent that it awards $15,000 in attorney's fees to Mantaline;

4. In all other respects the Arbitration Award is **AFFIRMED**;

5. This action is hereby **REMANDED** to the American Arbitration Association for a *de novo* determination of Mantaline's entitlement to attorney's fees pursuant to paragraph 13 of PPG's Purchase Order; and

6. The clerk shall mark this case as closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Donald N. Jaffe, Esquire
Stewart D. Roll, Esquire
Email: sdanl@msn.com

Amie L. Bruggeman, Esquire
Roetzel & Andress
222 South Main Street, Suite 400
Akron, OH 44308

Thomas M. Parker, Esquire
Email: tparker@neolaw.biz

Traci Sands Rea, Esquire
Email: trea@reedsmith.com